JESSE M. FIELD *versus* JEFFERSON B. BRACKETT *& als.*

A naked verbal promise to return, in good order and at a specified time, a thing hired, does not, as matter of law, import a contract on the part of the hirer to insure it against loss occurring without his fault.

ON EXCEPTIONS.

ASSUMPSIT to recover damages under the following count : "For that the said defendants, at Lewiston, to wit, at said Auburn, on the eighteenth day of June, in the year of our Lord one thousand eight hundred and sixty-seven, had and received of the plaintiff the plaintiff's single wagon, of the value of one hundred and fifty dollars, the same to be kept and used by the said defendants for the period of one month from the said eighteenth day of June aforesaid, and the said defendants, in consideration that the plaintiff would so let to them, the said defendants, said wagon as aforesaid, then and there promised the plaintiff to return the said wagon to him at the expiration of the month aforesaid in good order ; yet the said defendants, not regarding their promise aforesaid, did not return the said wagon according to their promise, but, though the month aforesaid has long since elapsed, and though often thereto requested, the said defendants

have neglected and refused and still neglect and refuse so to do."

The defendants, admitting that there was a verbal agreement as set out in said count, alleged that said wagon was stolen from them during the month for which it was hired, and while they were in the exercise of ordinary and proper care of the same, and that they have never been able to find. or recover said wagon, although they have used all care and diligence so to do, and that therefore they were not liable in this action.

The plaintiff admitted the foregoing facts, whereupon the question was submitted to the presiding Judge, with the right to except, whether as matter of law the plaintiff was entitled to recover. The presiding Judge ruled as matter of law that the plaintiff was entitled to recover, to which ruling the defendants alleged exceptions.

. *Bicknell & Stetson*, for the plaintiff.

1. By the general law of contracts, the failure of a party to perform his contract is not excusable merely on the ground that he has not been guilty of any ordinary negligence in so doing. 2 Parsons on Con., (4th Ed.,) 185–6.

2. In the ordinary case of the hiring of a chattel, the bailee is bound to use only ordinary care of the thing hired, and "is responsible for the loss thereof, or injury thereto, only when, by the terms of his contract, he has taken upon himself such risk." By the terms of the contract in this case defendants expressly took upon themselves that risk. 2 Ld. Raym., 909, 917, 918; 4 Taunt., 787; 6 Taunt., 577; 2 Marsh, 293; Jones' Bailm., 103, 106, 121; 2 Bos. & Pull., 417; 1 Bouvier's Inst., n. 1020.

3. If one for a valid consideration promises another to do that which is in fact impossible, but the promise is not obtained by actual or constructive fraud, and is not on its face obviously impossible, the promisor is liable in damages for a breach of the contract. 2 Parsons on Con., (4th Ed.,) 185–6.

4. If one contracts, at the time of hiring a chattel, "to make good," or "return in good order," the property at the expiration of the term of the bailment, he thereby becomes insurer of the property against all casualties and contingencies whatsoever. *Paradine* v. *Jane*, Aleyn, 26 ; *Huling* v. *Craig*, Addis., 342 ; *Harmony* v. *Bingham*, 2 Kern., 99 ; *Bullock* v. *Dommitt*, 6 T. R., 650 ; Bouvier's Law Dict., Title, "Act of God," and cases there cited.

*T. A. D. Fessenden, W. P. Frye* and *J. B. Cotton*, for the defendants.

BARROWS, J. — The plaintiff's writ sets out a hiring by the defendants of his wagon to be used by them for a month, and alleges a promise in consideration of this letting of the wagon, to return it to him, at the expiration of the month for which it was let, in good order, and a failure to return according to promise. It was admitted by the defendants that they made a verbal agreement to that effect, but they claim that nothing more was intended than the law implies in ordinary cases of hiring, and they allege, and the plaintiff admits, that the wagon was stolen from them during the month for which it was hired, while they were in the exercise of ordinary and proper care of the same, and that they have never been able to find or recover it, though they have used all care and diligence to do so.

The question submitted was " whether, as matter of law, upon this state of facts, the plaintiff was entitled to recover."

There is nothing, either in the plaintiff's declaration or in the statement of facts, to indicate that the case differs in any respect whatever from the ordinary transaction of letting a vehicle to hire. " How long do you want it?" " A month." "Will you bring it back in good shape in a month?" " I will." Similar questions and answers might, and probably would, pass in most cases between neighbors negotiating such a transaction, without either the letter or the hirer sup-

posing that any special obligation (beyond that which the law implies, on the part of the hirer, to be guilty of no negligence and to return at the time appointed, in as good order as when received, ordinary wear and tear and casualties for which no blame could attach to the hirer, excepted,) was assumed or intended to be assumed. I carry my watch to a watchmaker to be repaired. "When can I have it?" "You shall have it in a week." Here is the same verbal agreement, and, upon like consideration as that alleged and admitted in the case at bar. Yet I do not understand that the watchmaker assumes any liability for safe keeping, different from that which the law would impose, if he said nothing about the return. When he tells me I shall have my watch in a week, I do not expect him to add, in good set phrase, "provided my safe is not robbed in the meantime." That is understood between us.

·PARKER, C. J., in *Foster & al.* v. *Essex Bank*, 17 Mass., 501, remarks as follows;—"The common understanding of a promise to keep safely would be, that the party would use due diligence and care to prevent loss or accident; and there is no breach of faith or trust, if, notwithstanding such care, the goods should be spoiled or purloined; anything more than this would amount to an insurance of the goods, which cannot be presumed to be intended, unless there be an express agreement and an adequate consideration therefor."

In the case at bar, no agreement to insure, or consideration for such agreement appears. Upon such a meagre statement of the transaction between these parties, it was erroneous to predicate a ruling, "as matter of law," that the defendants were liable. The transaction being a verbal one, it would be for the jury (or for the presiding Judge, if the case were submitted to him under the statute,) to find that there was a contract between the parties, based on a legal consideration, to insure the safety of the thing hired, before the defendants could be declared liable for a loss happening under the circumstances here disclosed.

The case of *Paradine* v. *Jane*, Aleyn, 26, cited for plain-

Field *v.* Brackett.

tiff, bears little resemblance to this. It was founded on a written covenant to pay rent. Neither in that case nor in *Huling* v. *Craig*, Addison, 342, nor in *Harmony* v. *Bingham & als.*, 2 Kernan, 99, (which was brought upon the covenants of a sealed instrument, by which the defendants, who were common carriers, undertook to carry from New York, and safely deliver at Independence, Mo., within a stipulated time, all goods which the plaintiffs might send by their line prior to a day fixed, at a certain rate of freight, and to pay damages at an agreed rate per cwt. per day, for each day's delay,) was there any question as to what the true intent and meaning of the defendants' contract was, but simply what would excuse the non-performance of it where the character of the undertaking was explicit.

But the doctrine of these cases, which are relied on by the plaintiff, will not justify us in determining, as matter of law, that, where nothing more appears, a naked verbal promise to return the thing hired at a specified time imports a contract on the part of the hirer to insure it against inevitable casualties, or losses occurring without fault on his part. Ordinarily it would not be the intent or understanding of the parties to such a promise, to transfer thereby risks of this description from the letter to the hirer.

*Exceptions sustained.*

KENT, WALTON, DICKERSON and DANFORTH, JJ., concurred.