## LEONARD J. WILSON *vs.* THOMAS McLAUGHLIN.

A servant who has driven a stray horse from the highway into his master's pasture, for the purpose of preventing it from straying on cultivated land, does not become liable for its conversion by turning it into the highway again by direction of his master.

An action for the value of a stray beast as a forfeiture under the Gen. Sts. *c.* 79, § 10, must be brought within a year after the owner's right of action accrued by the finder's neglect.

TORT. Writ dated May 27, 1870. The declaration contained two counts. The first was for the conversion of a horse belonging to the plaintiff to the defendant's use. The second alleged that the defendant found and took up, in West Roxbury, a stray horse belonging to the plaintiff, and neglected to cause it to be entered and cried and notice thereof to be posted up as directed

by the Gen. Sts. c. 79, §§ 1, 2,* " wherefore the plaintiff hath a right to recover of the defendant the value of said horse, to wit, three hundred dollars, as a forfeiture, the said horse not having been delivered or otherwise accounted for by the defendant" to the plaintiff.   The answer was a general denial to the first count, and set up the statute of limitations against the second count. At the trial in the superior court, before *Brigham*, C. J., without a jury, the facts were found as follows :

On October 26, 1867, a horse of the value of $250, belonging to the plaintiff, escaped from a pasture in Milford, and appeared a day or two afterwards in a highway in West Roxbury near an avenue which led from the travelled road into the messuage of Matthew Bolles.   The defendant, who was in the employment of Bolles, supposing that the horse belonged to a neighbor, one of whose beasts had previously strayed upon the land of Bolles and done damage there, drove it from the highway into an inclosed pasture belonging to Bolles, for the purpose of preventing it from straying on Bolles's cultivated land.   This was done without the direction, knowledge or authority of Bolles, who was not aware of what had been done until the horse had been in his pasture for two nights and a day, when he immediately directed

---

* The Gen. Sts. c. 79, provide, in § 1, that whoever finds lost money or goods, worth three dollars or more, the owner of which is unknown, shall, among other things, cause notice thereof to be posted up in two public places in the city or town where the goods were found, and if they are worth ten dollars or more shall also, among other things, cause them to be publicly cried, if there is a crier in the place, and notice to be posted up in like manner in two adjoining places.

Section 2 provides that whoever takes up a stray beast shall cause a notice thereof to be entered in the city or town clerk's book, containing a description of its color and marks, and cause it to be cried and notices containing a like description of it to be posted up in the manner provided in § 1, and otherwise shall not be entitled to compensation for any expenses which he may incur in relation thereto.

Section 10 provides that "the finder of lost goods, money or stray beasts, who neglects to cause the same to be entered and cried and notice thereof to be posted up as before directed, shall forfeit the value of such goods, money or beasts, unless he delivers the same or otherwise accounts therefor to the owner thereof, in which case he shall forfeit a sum not exceeding twenty dollars."

the defendant to turn it into the highway again, and the defend-ant did so, and the plaintiff never recovered it. The defendant never caused any notice of the horse to be entered with the town clerk and posted up, or the horse to be cried. Both counts related to the same horse, and to the acts and omissions of the defendant relating to it on the same occasion.

The judge ruled that these facts would not sustain the action, and ordered judgment for the defendant. The plaintiff alleged exceptions.

*H. B. Staples*, (*F. P. Goulding* with him,) for the plaintiff. 1. By taking up the horse in the highway, the defendant assumed the rights and duties of a voluntary bailee, and was bound to keep it with reasonable care for its owner. His act of discarding it was a violation of his trust, and may be treated as a conversion. Story on Bailments, §§ 85, 621. *McAvoy* v. *Medina*, 11 Allen, 548. *Nelson* v. *Merriam*, 4 Pick. 249. His failure to comply with the statute, after having taken up the horse, also makes the taking tortious, so that trover can be maintained against him. 4 Pick. 249. *Drake* v. *Shorter*, 4 Esp. 165. *Stevens* v. *Curtis*, 18 Pick. 227.

2. The action can be maintained on the second count, under the Gen. Sts. *c.* 79, § 10. The forfeiture is not imposed as a punishment for an offence, but for the violation or neglect of a duty prescribed by statute. This avoids the plea of the statute of limitations.

*J. S. Abbott*, for the defendant.

AMES, J. 1. It appears that, when the horse was taken up, he was going at large in the highway, and was supposed to be about to enter upon the premises of the defendant's employer. Under such circumstances, the act of turning him into an inclosed pasture was not an interference with the owner's possession, or a conversion of the horse to the defendant's own use. Nothing is shown at all inconsistent with a purpose on the defendant's part to keep the horse for the owner ; and it has been decided that the finder of an estray may keep it for the owner, and is not liable in trover unless he uses the estray, or refuses to deliver it on demand. *Nelson* v. *Merriam*, 4 Pick. 249. We do not

understand the plaintiff to complain of this act, except on the ground that the defendant afterwards violated his trust as a voluntary bailee by turning the horse into the highway again. But this, it appears to us, was the act of his employer, and not of himself. He could not keep the horse on another man's land, against the will of such other man. The turning out into the highway was therefore an act which he could not prevent, and for which he cannot be held responsible ; and the plaintiff has no cause of action under his first count.

2. The second count also is attended with difficulties, at least equally great. If the defendant incurred a forfeiture by reason of not proceeding according to Gen. Sts. *c.* 79, § 2, his offence was committed more than one year before the date of the suit. By Gen. Sts. *c.* 155, § 20, all actions for a penalty or forfeiture on a penal statute, brought by any person to whom the penalty or forfeiture is given in whole or in part, shall be commenced within one year next after the offence is committed, and not afterwards. This provision is an effectual bar to the plaintiff's claim in his second count.                      *Exceptions overruled.*