Titus, Ch. J.
This action is brought to recover $175, agreed valuation of a horse let by the plaintiff to the defendant for hire. So far as 1 am able to gather from the evidence, the defendant had used the horse in connection with another for about seven weeks, for which he agreed to pay a dollar a day. Some time in August the horse was taken sick and the plaintiff demanded the return of the horse, pursuant to the terms of the contract. The horse then died, while in the possession of the defendant, which raises the question to be decided. These facts present an ordinary case of bailment for hire. The bailee is required to exercise ordinary care in protecting the property, and the written agreement that he was to deliver the property back on one day’s notice, in the same condition as when received, does not change or enlarge his common-law liability, as he would be required to deliver the property on demand without that express agreement. Fairfax v. Railroad Co., 67 N. Y., 11; Claflin v. Meyer, 75 id., 260. The claim made by the defendant is that the horse died before he was in default under the notice, without any fault on his part, and consequently he is not liable. I am inclined to take his view of the case. The facts seem to bring it within the ordinary rules applicable to cases of bailee for hire. It does not appear that the defendant was guilty of any want of care in using the horse, or that such want of care-in any way contributed to his sickness or *267 death, which was clearly the result of natural causes, aud no human skill or foresight could have prevented it. The plaintiff claims that the defendant cannot raise the question of his inability to deliver the horse under a general denial; that he should have interposed the defense by the answer. This may be conceded, but no objection was made to the evidence on that ground in the court below. All of the facts were proved before the court without an intimation of the question now raised, and, we think it is too late now to raise that objection here for the first time.
The judgment should, therefore, be affirmed, with costs
Hatch, J.
This is little, if any, dispute in the evidence appearing in the return of the court below, so far as the essential reature of the case is concerned. The defendant hired of plaintiff a team of horses, which hiring was under a written agreement, viz:
“ The American Preservers Company, of Buffalo, hereby rent to James J. Drescher, of Buffalo, one team horses, (one bay and one black,) at one dollar per day, payable weekly, on Monday, at 95 Ohio Street. It is further agreed by J. J. Drescher, that upon one day's notice he will return the above team and horses in same condition as received. The said Drescher further agrees to secure the American Preservers Company against any accident to the said team, in the sum of $350 (three hundred and fifty dollars), being one hundred and seventy-five on each horse. We hereby .accept the above.
“American Preservers Co.
“ Chas. T. Tomes, Manager.
“ James J. Drescher
“Witness: Jno. Reiser.”
The contract was dated June 13, 1892. In pursuance of this agreement defendant took said team, and on the next day returned them, as one of the horses was sick; but he was induced by plaintiff’s manager to try them again, which he did, and continued thereafter to use them, paying therefor the stipulated price, until the 11th day of August, when the same horse again sickened, and thereafter died. This action is brought to recover $175, the claimed value of the horse. As defendant did not, on June 14th, when he returned the horses, actually surrender them to plaintiff, or. if he did, he was thereafter induced to take them again, without any other or different arrangement than the contract expressed, he must now be held bound by those conditions, and the legal results which flow therefrom. It satisfactorily appears that the death of the horse was due to natural causes, and defendant was guilty of no act of negligence which contributed thereto, either in the use of the horse before the attack, or his care of the animal thereafter. Plaintiff seeks to charge liability upon defendant, based upon his failure to return the horse after notice so to do, before its death. But this claim is not borne out *268 by the testimony. If we assume that plaintiff’s manager, Tomes, was sworn as a witness, which the record does not disclose, it only appears that about the 10th day of August he wrote defendant a letter to deliver the horses, stating therein : “ You will please accept this as notice to deliver said team to us within specified time, (one day’s notice.)” The horse was taken sick on the 11th, and died on the 12th of August. There is no evidence that this letter was ever sent to defendant, by mail or otherwise, or that he ever received it, or in any wise had notice that a demand was made upon him to return the horses. Consequently, he cannot be held liable for retaining possession of the horses after notice to return, as the proof fails of establishing notice to him to do so.
The further claim is made that the contract is unconditional,, binding defendant to return the horse in the condition he took him, and that he is not excused from compliance therewith, even though he be prevented from fulfillment by omnipotent power. It is quite true that where a person contracts to perform a certain thing, not impossible of performance at the time when'it is made,, and being lawful in character, he will not be excused from performance, unless performance is made unlawful, or unless prevented by the other party. While this is the undoubted general rule, many exceptions have been ingrafted upon it, dependent upon the construction to be given the contract. The rule governing the construction of this contract is not obscure. It is-stated by Blackburn, J., in Taylor v. Caldwell, 113 E. C. L., 824: “ The principle seems to us to be that, in contracts in which' the performance depends on the continued existence of a given person or thing, a condition is implied that the impossibility of performance, arising from the perishing of the person or thing,, shall excuse the performance.”
This rule has been adopted by our court of appeals, Dexter v. Norton, 47 N. Y., 62, and cited with approval many times since. Booth v. ClevelandRolling Mill Co., 60 N. Y. 491 ; Spalding v. Rosa, 71 id. 40.
In this case the power to return the horse depended upon its-continued existence. The law, therefore, incorporated into the contract a condition that the parties contracted with reference thereto; and when the thing was destroyed without fault upon the part of defendant, and by inevitable cause, he became excused from performance.
The further claim is made that defendant is liable for a failure to secure plaintiff against accident. The proof is that defendant caused the horses to be insured against fire, and delivered the policy to plaintiff, who accepted and retained the same. It was competent-for plaintiff to waive this provision of the contract, and as they accepted the policy of insurance without objection, and demanded no further or other or different security, it was competent for the-court to find that they waived any other. I see no reason for disagreeing with such conclusion. Having litigated the case below upon the merits without objection, plaintiff cannot now urge that, the answer is insufficient to admit defense. The answer can now *269 be deemed amended in that regard, if essential to support the judgment. It follows that no error is found, and the judgment appealed from is affirmed, with costs.
White, J., concurs in result.