PER CURIAM.
The only questions presented for our consideration upon this appeal relate to the findings of the referee adverse to the defendant, in respect to the first and third counterclaims set up in the answer. - The plaintiff corporation was engaged in the business of making castings and doing general foundry work, and its claim against the defendant was for labor performed and material furnished in the manufacture of iron castings at his request, which castings were subsequently delivered to him, 'and by him accepted. The patterns from which these castings were made were furnished to the foundry by the defendant; and the dispute between the parties, in the present litigation relates to the terms of the agreement under which they were so furnished. The first counterclaim is based upon the nonreturn of patterns for a condenser, the safety of which the defendant says the plaintiff agreed to guaranty. The agreement in regard to these patterns, as stated by the defendant in the answer, was to the effect “ that plaintiff would be responsible for and guaranty the safety of ail the patterns for castings for such condenser which this defendant should deliver to this plaintiff; that plaintiff should keep such patterns insured against any loss or destruction by fire, and would make good any loss or destruction thereof.” The third counterclaim is founded, upon the failure of the plaintiff corpora *658 tion to send back certain other patterns which the defendant alleges he delivered, “ upon the promise and agreement of the plaintiff to be responsible therefor, and to safely return the same to the-defendant.” As matter of fact, the patterns referred to in both counterclaims were destroyed while on the plaintiff’s premises by a fire which, so far as the evidence shows, appears to have occurred without any negligence on the part of the corporation or its agents. Indeed, there is no suggestion of negligence in the brief of the-learned counsel’ for the appellant, who relies solely on the contractual obligation of the plaintiff to insure the patterns, guaranty their safety, and safely return them.
The referee found that, while there was a general agreement that the patterns sent to the plaintiff were to be returned to the defendant after being used, the patterns destroyed by the fire were-in constant use, for the purpose of making castings, and their retention by the plaintiff for that purpose was acquiesced in by the-defendant. The correctness of this finding is not questioned on the present appeal Hence the plaintiff cannot be held liable for not having returned the patterns before the fire. As has already been said, Ho negligence has been imputed to the plaintiff in respect to the fire; and it follows that, if the foundry company is-responsible at all, it is because it made an agreement to insure the-plaintiff’s property while in its temporary custody as bailee, which agreement it has not kept. In behalf of the appellant, it is insisted that the referee’s finding that there was no agreement to insure is not wholly unsupported by evidence, but against the uncontradicted evidence. To pass upon this point fairly and intelligently, it has been necessary to carefully read through the entire-record. After thus reading it, we are unable to assert to the-proposition that there is no evidence to sustain the referee’s conclusion. If he believed the Testimony of the general manager of the foundry, he is quite justified in deciding that there was no promise to insure the patterns; and there was no such preponderance of evidence to the contrary as required him to reject the-statements of this witness. The case comes within the rule laid down in Baird v. Mayor, etc., 96 N. Y. 567, 577, as to the effect, which should be given by an appellate tribunal to the special adaptation of the trial court to weigh conflicting statements and. inferences, when there is evidence on both sides.
The judgment should be affirmed.