## DIRECT NAVIGATION COMPANY v. S. L. DAVIDSON.

### Decided May 20, 1903.

**1.—Bailment Contract—Act of God.**

Where the contract for the hire of a boat stipulated that it should be returned in as good condition as when received, the obligation to so return it was absolute, and not avoidable by reason of the act of God or other vis major, but it would be otherwise if there were no such contract stipulation, and the rights of the parties were such as arise by law from the contract of bailment.

**2.—Same—Delivery Back—Conversion.**

Where the hirer of a boat, after using it, left it in the possession and control of the owner, and never afterwards asserted any rights thereto, he was not liable for a conversion because the boat was not delivered to the owner at the place called for by the contract, and the evidence being undisputed on this point, the court should have so charged. See the opinion for a full discussion of what is requisite to constitute a conversion by a bailee.

Appeal from the District Court of Harris. Tried below before Hon. Wm. H. Wilson.

*Baker, Botts, Baker & Lovett* and *C. L. Carter,* for appellant.

*J. H. Davenport* and *R. W. Franklin,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by Davidson against the Direct Navigation Company to recover damages for an alleged breach of a contract for the hire of plaintiff's boat "Pearl," and himself as engineer on said boat, by defendant company. It was alleged that the defendant agreed to pay plaintiff a reasonable rent for the boat during the time of its use, and to return her to him at Houston, Texas, in as good condition as she was when plaintiff delivered her to the company; that defendant also employed plaintiff at the rate of $3 per day as an engineer upon said boat, and that he worked thereon in such capacity for the defendant seven days, during which time the "Pearl" was used by the company in searching for barges, vessels and other property of the defendant lost in the September storm of 1900; that during the time the boat was in defendant's possession it negligently tied it to the wharf at Galveston in such a manner as to cause it to beat and pound against the wharf, and thereby became injured; that other injuries and losses were sustained to the boat and equipments by defendant's negligence, whereby the boat and its machinery was so damaged as to be rendered worthless; that the reasonable rental of the boat during the time she was in the possession and use of the defendant was $10 per day for seven days, and that the defendant failed to return the boat to him at Houston in as good condition as she was when received. The damages prayed for are $5000.

The defendant answered (1) by general denial; (2) specially pleading that it owed plaintiff no sum whatever, but that the consideration

for the use of the boat and services of plaintiff had been fully adjusted and satisfied in accordance with the terms of the contract between them, and that after the use of the boat by defendant, it was placed at the disposition of plaintiff in accordance with his instructions and directions, subject to his control; (3) that if there were any damages or injuries or loss done to the boat or any property of plaintiff, it was not through the negligence of defendant, but was caused by high seas and storms, the acts of God which were beyond defendant's control; and (4) that if the boat was damaged or injured, or property lost and destroyed, such was caused and contributed to by plaintiff's negligence and inattention to duty in that he was, as its engineer, in charge of the machinery, etc., and by the exercise of ordinary care could have prevented the occurrence of any such damages.

The case was tried before a jury, and the trial resulted in a verdict and judgment in favor of the plaintiff for $458.10.

There was a conflict in the evidence upon the question as to whether the defendant, at the time it procured plaintiff's boat, agreed that it would return her to him at Houston in as good condition as she was when delivered to defendant by the plaintiff. Upon this issue the court instructed the jury that if the agreement was as alleged and contended by plaintiff, and if they should believe that he accepted her delivery at Clinton instead of Houston, but if the boat was not delivered in as good condition as she was when delivered to defendant at Houston, and her defective condition was due to the use to which she had been put, they would find for plaintiff the difference, if any, between her market value in the condition in which she was when turned over to defendant, and her market value in the condition defendant delivered her to plaintiff at Clinton. There was no error in this part of the charge of which the defendant had any right to complain. If the contract was as alleged by plaintiff, it differed materially from an ordinary contract of bailment, and the rights and obligations of the parties are to be determined by the special contract, and are not such as the law would raise and impose in the absence of an express agreement. Parties to a contract of bailment may substitute a special contract for the one implied by law; and when this is done, the express agreement determines the rights and liabilities of the parties arising from the bailment. Parker v. Tiffany, 52 Ill., 286; Remick v. Atkinson, 11 N. H., 256; Hale on Bailments, 28. By such special agreement the bailee may be relieved of all liability except for his fraud or negligence, or he may become an insurer, and as such absolutely liable for any loss, injury or damage to the property. If the contract was such as was alleged and testified to by plaintiff, then defendant's obligation to return the boat to him in as good condition as when received was absolute, and could not be avoided by the act of God, the public enemy, or any vis major. If there was no special contract of bailment, such as was alleged, the rights and liabilities of the parties would be such as arise and are

imposed by law, and evidence upon the question as to whether the injuries or damages done to the boat were caused by defendant's negligence or the act of God would be admissible upon the question of defendant's liability, and the law upon such issues arising from the pleadings and evidence should be submitted to the jury.

The undisputed evidence in this case shows that when the defendant was through with the boat, it left her at Clinton in possession, under dominion and control of the plaintiff; that it never afterwards exercised or asserted any control, ownership or rights to the boat. Under these undisputed facts, though the boat was not delivered to plaintiff at Houston, there was no conversion of her by the defendant, nor would any liability rest upon the navigation company as for a conversion of the boat under such facts. To constitute a conversion there must be such an intention of deviation from the contract as would be tantamount to an assertion of right or dominion over the property inconsistent with the bailor's rights of ownership. Van Zile on Bailm., sec. 126. Acts which do not in themselves imply an assertion of title or of the right of dominion by the bailee over the property, will not sustain an action for conversion, unless done with the intention to deprive the owner of it permanently or temporarily, or unless there has been a demand for the property and the neglect or refusal to deliver it, which are evidence of a conversion, because they are evidence that the defendant in withholding it claims the right to withhold it, which is a claim of right or dominion over it. Spooner v. Manchester, 133 Mass., 270; Wilson v. McLaughlin, 107 Mass., 587; Hale on Bailm., 189. Therefore, the court erred in instructing the jury "that if they believe from the evidence plaintiff did not agree to receive the boat at Clinton, and if from the evidence they believe the defendant never delivered said boat to plaintiff, to find for him such sum as from the evidence they believe to be the reasonable market value of the boat in the condition in which she was when delivered to defendant, with interest thereon at the rate of 6 per cent per annum from the date when she should have been delivered to plaintiff in Houston;" and in not instructing the jury at the request of the defendant "that the proof fails to sustain the allegation of plaintiff that defendant has converted the boat sued for to its own use, and therefore defendant was not liable to plaintiff for the same or its value."

It can not be said from the evidence that the jury did not find for the plaintiff upon the theory that defendant had converted the boat to its own use, and its liability under the charge of the court was not for her full value, with interest from the time she should have been delivered to plaintiff at Houston.

For reason of the prejudicial errors to the defendant indicated, the judgment of the court is reversed and the cause remanded.

*Reversed and remanded.*