CLEAVER v. DRAKE–BRANNUM CONST. CO. · (No. 7371.)

(Court of Civil Appeals of Texas. Galveston. March 17, 1917. On Motion for Rehearing, April 24, 1917.)

1. CONTRACTS ⬅303(1) — FAILURE TO PERFORM—LIABILITY.

If a voluntary contract makes no exemption from liability for failure to perform the undertaking evidenced by the contract, the law will not interpolate what the parties have not stipulated, and thereby relieve them from liability for nonperformance by reason of the intervention of some unforeseen occurrence over which they had no control, except when the law compels the making of the contract, or intervenes to prevent performance.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1409–1411, 1420–1423, 1440–1443.]

2. BAILMENT ⬅14(1) — DESTRUCTION OF PROPERTY—LIABILITY OF BAILEE—STIPULATION.

Where a construction company leased from plaintiff a concrete mixer, steam engine, and boiler to be used in the construction of a bridge, agreeing to return the mixer to plaintiff in as good condition as when received, fair wear and tear excepted, and, while in use, a great and unusual rainfall caused a great and unusual rise in the river being bridged, whereby the machinery was carried away and destroyed without fault on the construction company's part, the company, being a bailee, and its liability not being enlarged by the stipulation that it would return the property in as good condition as when received, was not liable for the destruction of the machinery.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 45–48, 52–55.]

Appeal from District Court, Harris County; Henry J. Dannenbaum, Judge.

Suit by C. A. Cleaver against the Drake-Brannum Construction Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Wharton E. Weems, of Houston, for appellant. Lockett & Rowe, of Ft. Worth, for appellee.

LANE, J. This suit was instituted by C. A. Cleaver against Drake-Brannum Construction Company to recover $1,000 alleged to be the value of a certain concrete mixer, steam engine, and boiler, hereinafter referred to as "machinery," the property of plaintiff.

The case went to trial before the court without a jury, upon an agreed statement of facts, the material parts of which are as follows:

The defendant, Drake-Brannum Construction Company, leased from the plaintiff, C. A. Cleaver, the machinery in question, to be used by defendant at West Point, Tex., in the construction or repair of a bridge across the Colorado river, under a written contract containing, among other provisions, the following:

"The said mixer is to be delivered by party of the first part [plaintiff] to the party of the second part [defendant], at Houston, Tex. * * * Party of the second part agrees to return to the party of the first part the mixer in as good condition as when received, fair wear and tear excepted, at the location at which the party of the second part received the mixer from the party of the first part, or to deliver it to any other point at the option of the party of the first part."

It is further agreed that the machinery was received by the defendant, shipped to West Point, and there used by defendant in preparing material for use in repairing a bridge spanning the Colorado river, that while being so used there was a great and unusual rainfall which caused a great and unusual rise in said Colorado river at West Point, and that by reason thereof said machinery was carried away by the flood waters and destroyed, and that it has never been recovered; that such destruction was without fault upon the part of defendant, and that the market value of said machinery at the time it was destroyed was $501.

Upon this agreement the court rendered judgment for defendant.

Appellant, Cleaver, insists that upon the agreed facts the court should have rendered judgment in his favor for the sum of $501, and that it erred in not so doing. This assignment presents the only question for our decision.

Appellant's contention is that, as appellee contracted to return and deliver said machinery to appellant in as good condition as when received, fair wear and tear excepted, without other reservations and exceptions, it is bound to make such delivery by the terms of such contract, and that appellee is not relieved from so doing because such machinery was destroyed by agencies over which it had no control.

On the other hand, appellee contends that, as the machinery was destroyed by an unusual flood over which it had no control, and without any fault on its part, it is not liable to appellant for the loss of said machinery and consequent failure to deliver the same to appellant, as it contracted to do.

We do not think the contention of appellee can be sustained, but, on the contrary, we think the contention of appellant is sustained by the great weight if not by all the decisions of the courts of this state and other states passing upon similar contentions to those here presented for our decision.

We find that by the contract of the parties to this suit, upon which appellant's suit is based, appellee voluntarily obligated itself to deliver the machinery in question to appellant in as good condition as when received, fair wear and tear excepted, and that there were no other exceptions or reservations contained in said contract. Such being the case, the sound maxim, that as a man binds himself so shall he be bound, is applicable, and this court is charged with the duty to so hold. The appellant may or may not have been willing to contract with appellee to hold him harmless in case said machinery was destroyed by an unusual flood or other agencies over which appellee had no control, but we find that in this case he did not do so, and we are not at liberty to make a contract for the parties which they did not make for themselves. It is conceded that, where the law creates a duty or imposes a charge, and the contracting party is disabled to perform his contract without his fault, and has no remedy, then the law will excuse him, and.in such case he will not be held liable in damages for nonperformance, and also that he cannot be held liable for a breach of his voluntary contract when the law intervenes to prevent its performance; but we have no such case before us.

"If the parties to a voluntary contract make no provision for a dispensation, the law gives none. It does not allow a contract fairly and voluntarily made to be annulled, and it does not permit to be interpolated what the parties themselves have not stipulated. The promiser may not be compelled to perform the undertaking, but he cannot, on account of hardship or the impossibility of performance of the undertaking, relieve himself from the liability incurred by the contract. Accordingly one who voluntarily enters into an absolute contract, without qualification or exception," to return and redeliver machinery delivered to him in as good condition as when received, fair wear and tear excepted, must abide by his contract and perform his undertaking, and cannot be heard to say that he was prevented from such performance by reason of an unprecedented flood. Volume 6, R. C. L. §§ 364, 365, 367, and 368, pp. 977-1006; Northern Irr. Co. v. Dodd, 162 S. W. 946; Northern Irr. Co. v. Watkins, 183 S. W. 431; Bartlett v. Bisbey, 27 Tex. Civ. App. 405, 66 S. W. 70; Gunter v. Robinson, 112 S. W. 134; Navigation Co. v. Davidson, 32 Tex. Civ. App. 492, 74 S. W. 790; School Dist. v. Dauchy, 25 Conn. 530, 68 Am. Dec. 371; Steele v. Buck, 61 Ill. 343, 14 Am. Rep. 60.

Having concluded that the trial court erred in rendering judgment for appellee upon the agreed facts, and having reached the further conclusion that upon such facts judgment should be in favor of appellant, C. A. Cleaver, against appellee, Drake-Brannum Construction Company, for the sum of $501, the judgment of the trial court is reversed, and judgment is here rendered for appellant, C. A. Cleaver, against appellee, Drake-Brannum Construction Company, for $501, and all costs incurred by him.

Reversed and rendered.

### On Motion for Rehearing.

In our original opinion we held that, as appellee, by its contract voluntarily entered into with appellant, bound itself to return the property leased and received by it to appellant in as good condition as when received, "fair wear and tear excepted," without other or further exceptions or reservations, it is bound to make such return or pay the owner of the property its value, and will not, on account of hardships or impossibility of performance of its contract, by reason of the destruction of the property by a flood over which it had no control, be relieved from liability to appellant for its failure to return the property. So holding, we reversed the judgment rendered in favor of appellee by the trial court and rendered judgment for appellant.

[1] We made this holding under the impression that the general rule that, if a party to a voluntary contract makes no exemption from liability for failure to fully perform his undertaking, evidenced by the contract, the law will not interpolate what the parties themselves have not stipulated, and thereby relieve them from liability for nonperformance, and that the law will not interpose to relieve the parties from liability for nonperformance, by reason of the intervention of some unforeseen occurrence over which they had no control, except when the law compels the making of the contract, or when the law intervenes to prevent performance, was applicable to this case. The authorities cited in the original opinion sustain the rule above stated, and the case of Direct Navigation Co. v. Davidson, 32 Tex. Civ. App. 492, 74 S. W. 790, supports the original opinion. But, since our original opinion has been filed appellee has filed its motion for rehearing, and therein contends that the decision in the case mentioned is in conflict with the weight of authority in this state on the subject under discussion as well as of other states. He also contends that the general rule announced by us in the original opinion is not applicable to the contract and questions involved in this case, and that we erred in holding that such did apply thereto.

Appellee does not dispute the general proposition of contract law as announced in our original opinion, but it does contend that under the contract in this case appellee was a bailee, and that the stipulation in the contract that appellee was to return the property in as good condition as when received, "fair wear and tear excepted," did not enlarge the common law liability of appellee, the bailee, and that, unless the common-law liability under a contract of bailment is enlarged, or the intention to so enlarge it appears by specific language, the liabilty of the

bailee is to be determined and measured by his common-law liability.

[2] After a careful review of the authorities cited in the motion, we feel constrained to sustain such contention. Sanchez v. Blumberg, 176 S. W. 904; Sturm v. Boker, 150 U. S. 312, 14 Sup. Ct. 99, 37 L. Ed. 1093; Seever v. Gabel, 94 Iowa, 75, 62 N. W. 669, 27 L. R. A. 733, 58 Am. St. Rep. 381; Field v. Brackett, 56 Me. 121; McEvers v. The Sangamon, 22 Mo. 187; Jaminet v. American Storage Co., 109 Mo. App. 257, 84 S. W. 128; Ry. Co. v. Ry. Co., 26 Minn. 243, 2 N. W. 700, 37 Am. Rep. 404; Ames v. Belden, 17 Barb. (N. Y.) 517; Hyland v. Paul, 33 Barb. (N. Y.) 241; Young v. Leary, 135 N. Y. 569, 32 N. E. 607; Whitehead v. Vanderbilt, 10 Daly (N. Y.) 214; American Preserves Co. v. Dreschner, 4 Misc. Rep. 482, 24 N. Y. Supp. 361.

It follows from what has been said that we have reached the conclusion that we erred in our original opinion in reversing the judgment of the trial court and rendering judgment for appellant. We therefore sustain the motion and set aside so much of the original opinion as reverses the judgment of the trial court and renders judgment for appellant, and we now affirm the judgment of the trial court.