NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY,
Plaintiff, *v.* BALDWIN-UNIVERSAL CONSOLIDATED COMPANY,
Defendant.

Supreme Court, New York County, January 21, 1925.

**Contracts — action to recover reasonable value of repairs to railroad cars —
cars damaged by fire without negligence of defendant while they were
on defendant's siding — agreement by defendant to return cars in good
condition or pay for repairs — defendant is liable — evidence — time and
material cards proper evidence of damage.**

A railroad company is entitled to recover the reasonable value of repairs to railroad
cars damaged by fire without negligence on the part of the defendant, where
it appears that the defendant agreed to return the cars, which were damaged
while on its siding, in good condition or to pay the plaintiff the cost of replacing
such cars or putting them in condition.

Time and material cards, written contemporaneously by those who performed
the labor and under whose supervision the materials were used, were competent
evidence as to the reasonable value of the repairs.

ACTION for reasonable value of repairs to railroad cars.

*William L. Barnett*, for the plaintiff.

*Ralph J. Leibenderfer*, for the defendant.

PROSKAUER, J.:

A siding agreement between plaintiff and defendant provided
that the defendant agrees to return all cars placed on the side track
" in as good condition as when received, ordinary wear and tear
excepted, or to pay the railroad the cost of replacing such cars or
putting them in such condition." Two of plaintiff's cars were
damaged by fire without negligence on the part of the defendant.
Plaintiff sues for the reasonable value of the repairs to the cars.
The rule of law is stated by Williston on Contracts (Vol. 3, p. 3307):
"A mere promise to return the bailed property imposes no greater
liability than the implied promise involved in the contract of bail-
ment; and the same is generally held, though the promise is to
return in good condition or in as good condition as when received,
but under a contract to return or pay for the bailed property, or
to be responsible for it, the bailee becomes liable."

This principle distinguishes the authorities cited by defendant, inasmuch as by the contract here it expressly covenanted to pay the railroad the cost of replacing or repair. (*Rapid Safety Fire Extinguisher Co.* v. *Hay-Budden Mfg. Co.*, 37 Misc. 556; affd., 77 App. Div. 643, on opinion of Appellate Term.)

The plaintiff has proved its damages under the liberal rule announced by Judge Hough in *The Spica* ([C. C. A.] 289 Fed. 436): " If, then, an entry be offered which is proved as part of a regular system, which is substantially contemporaneous, and concerning which no motive for falsification or probability of negligent error is observed, there exists that reasonable guaranty of trustworthiness which is the second ground of admission of regular entries [citing Wigmore on Evidence, §§ 1522–1527]. Thus we accept it as a rule, flexible in the reasonable discretion of the court that sees the men concerned in the business and hears evidence as to the necessities of the situation, that no objection, based on the exclusion of hearsay, exists to the admission of an entry made by one person in the regular course of business, recording an oral or written report, made to him by one or more other persons in like regular course, of a transaction lying in the personal knowledge of the latter, if necessity and trustworthiness as above outlined be shown to exist."

It is true that in the Federal case the time cards showing labor were not themselves admitted, but the book entries made from these time cards. In the present case the time cards were not transcribed into a book. I can see no reason why the plaintiff should be put out of court because it did not transcribe the time cards. In the nature of things it was impossible for the plaintiff to prove its damage by the conventional method, and under the rule of *Mayor, etc., of New York* v. *Second Ave. R. R. Co.* (102 N. Y. 572), as interpreted by Judge Hough in *The Spica* ([C. C. A.] 289 Fed. 436, 443), I think the damages have been sufficiently proved by the introduction of the time and material cards written contemporaneously by those who performed the labor and under whose supervision the materials were used.

Verdict directed for plaintiff for $1,663.59.