Owen McGivern, J.
This is a motion by the plaintiff, The First National City Bank of New York, pursuant to rule 113 of the Rules of Civil Practice for summary judgment.
The plaintiff (hereinafter referred to as “ City Bank ”) has sued to recover from the defendant, Frederies-Helton Travel Service, Inc. (hereinafter referred to as “Travel Service ”) the sum of $7,560 representing the face amount of certain traveler’s checks entrusted to the defendant for sale. Upon delivery to the Travel Service’s custody, the City Bank procured from it a so-called “Trust Receipt” which contained a provision that pending due issuance on return of the checks to the bank it would ‘ ‘ assume full responsibility to the Bank for their safekeeping and in the event of loss, theft or destruction of all or any of the checks prior to their issuance the undersigned (Travel Service) will notify the Bank promptly thereof in writing and will upon request provide the Bank with a bond in twice the amount of the checks so lost, stolen or destroyed.”
The checks herein were presented to the City Bank for payment by out-of-town banks, and upon presentation they were paid. At that time the checks bore identical signatures and countersignatures in the name of “Morris Best” and the indorsements of the presenting banks. The affidavits in support of the present motion made by the City Bank, state that these banks cashed the traveler’s checks in the normal course of business, without notice of any defect in the title of the person cashing the checks.
The answer herein alleges by way of affirmative defense that some time during the night of June 27,1957 the offices of Travel Service were burglarized and that immediately upon discovery of the theft the City Bank was given notice of the loss; and further it alleges that the monetary loss to City Bank was caused solely toy its choosing to pay out sums of money upon presentation of traveler’s checks, which they actually knew, or should have known had been stolen in unexecuted and nonnegotiable form. From the movant’s reply affidavit it appears that City *483 Bank paid these checks upon presentation notwithstanding previous notification to its own tellers regarding the alleged theft. It does not appear that any effort was made to notify anyone else. City Bank asserts it could not refuse to pay the checks because the out-of-town banks were holders in due course. Travel Service asserts that section 34 of the Negotiable Instruments Law is the properly applicable section, and when the traveler’s checks were stolen they were incomplete and undelivered, and thus the out-of-town banks were not holders in due course. However, from the affidavits submitted in support of this motion, it may reasonably be concluded that the City Bank would have paid these checks upon presentation even if the holders thereof were not holders in due course in order to preserve their highly advertised safety, negotiability and marketability.
Considering the pertinent bailment questions, a bailee by contract may assume a greater or lesser duty than that generally imposed by the law of bailments. (Sagendorph v. First Nat. Bank, 218 App. Div. 285; Rapid Safety Fire Extinguisher Co. v. Hay-Budden Mfg. Co., 37 Misc. 556, affd. without opinion 77 App. Div. 643.) This, even though a bailee is not liable for loss or destruction of the bailed property if the loss or destruction is not due to any negligence or other fault on the part of the bailee. This latter question remains a question of fact; that is, as to whether or not the defendant herein exercised sufficient care of the traveler’s checks.
City Bank contends that the issue of defendant’s possible negligence is irrelevant because defendant assumed ‘ ‘ full responsibility” for the safekeeping of the checks. It heavily relies upon such cases as Mellon Nat. Bank v. Citizens Bank & Trust Co. (88 F. 2d 128 [C. C. A. 8th, 1937]) and People’s Sav. Bank v. American Sur. Co. (15 F. Supp. 911 [1936]). However, those cases are distinguishable, for the scope of the indemnity agreements in each instance specifically embraced a much wider area of liability, and the custodians there agreed in the event of loss or theft “ to account for them in the same manner as if they had been regularly issued by us; and notice to said bank of such loss or theft, or notice to stop payment of such cheques, shall not be a bar to or prevent said bank from paying same when presented.”
In the instant case there has been no such clear assumption of liability and the provision of the “ Trust Receipt ” requiring the posting of a bond by defendant 11 upon request ” following such loss or theft cannot as a matter of law be construed so as to impose the responsibility of an insurer upon the defendant. *484 The assumption of “ full responsibility ” may have simply been the full assumption of the responsibilities of a bailee for hire, or may have been intended to include the requirement of a bond if City Bank felt the Travel Service had been negligent. In any event, the question is primarily one of construction of the indemnity agreement and if ambiguities exist they must be resolved at this time against the Bank which drew the printed form constituting the “ Trust Receipt ”,
Further, if there be a custom in the trade, or if there was a course of dealing between City Bank and Travel Service permitting a special construction to the agreement of indemnity, then such matters present factual issues and require a plenary trial, precluding summary judgment. Indeed, City Bank itself appears to give some recognition to the necessity for such inquiry, for it states in its principal affidavit in support of this motion, “ Since said defendant was aware of, and has undoubtedly participated in, the advertising referred to above, it thereby consented to City Bank’s following such procedures as one necessary in order to sustain the advertised negotiability of ‘ NBC ’ Traveler’s Checks.”
Accordingly, the motion for summary judgment is denied.