Thomas Dickens, J.
This motion is one in which plaintiff applies for an order directing the attorney whom she had engaged to represent her in this separation action, ‘ ‘ and/or ’ ’ his associate attorney whom her retained attorney had thereafter engaged as proctor attorney, to turn over to her or to her present attorney the file and all other papers of the case.
Neither attorney professes, in a respective affidavit, to have, at this time, possession of the papers. In a logomachy exchange, each maintains that the other has the papers. In effect then, their disclaimer of responsibility seems to indicate that somewhere or somehow the file and all the other papers may have gone astray, and so, have not, for this reason, been available for their return to plaintiff, since her demand.
Generally, whether such relief should be granted in this summary fashion, is entirely a matter of discretion; but, “ ‘ This power should always be exercised with great prudence and caution, and a sedulous regard for the rights of the client on the one hand and of the attorney on the other.’ ” (Matter of Goode, 174 N. Y. S. 72, 75.)
As officers of the court, it is reasonable to assume that the lawyer of record and his hired associate are, each for himself, speaking truthfully (Matter of Friedman [Fishbane], 238 App. Div. 341, 344).
Neither bad faith nor an attorney’s lien is involved.
Although confronted with a problematic choice as the result of such unfortunate state of affairs, I am, nevertheless, constrained to follow one course, and such course leads but to the admonitory maxim that “ the law does not seek to compel a man to do that which he cannot possibly perform.” (Matter of Brown v. Board of Trustees of Town of Hamptonburg, 303 *1030 N. Y. 484, 490. See, also, Ballentine’s Law Dictionary [Maxim, English translation], p. 66; Johnson v. City of Troy, 24 App. Div. 602, 604; Cambreleng v. Graham, 79 Hnn 247, 248-249; American Preservers Co. v. Drescher, 4 Misc. 482.) To hold otherwise, then compulsion, would, in the circumstances, end in no more than a futile attempt at trying to achieve something that is axiomatically regarded as impossible — the squaring of the circle.
Failing to serve the turn, the motion leaves me with no alternative but to deny it. Motion denied.